UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THERIN RAY DANIELS, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-08-172 |
| | § | |
| ARANSAS COUNTY; RANDY | § | |
| BINGHAM AND TERRI HOLLAND, | § | |
|    Defendants | § | |

## ORDER DENYING MOTION TO DISMISS DEFENDANT BINGHAM

Plaintiff, a prisoner proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights under the Eighth Amendment to the United States Constitution were violated by defendants Aransas County, Randy Bingham and Terri Holland. Randy Bingham, a physician's assistant, filed a motion to dismiss for failure to state a claim on September 26, 2008 (D.E. 24) to which plaintiff did not respond.

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper in this court because the actions about which plaintiff complains occurred in Aransas County, Texas.

### BACKGROUND

The following recitation of facts is taken from plaintiff's complaint and supplemental complaint. Plaintiff currently is incarcerated in the Texas Department of

Criminal Justice–Correctional Institutions Division ("TDCJ-CID") at the Darrington Unit in Rosharon, Texas. The events about which he complains occurred at the Aransas County Jail in Rockport, Texas.

On September 23, 2007 plaintiff started developing an abscess on his face. By September 24, 2007 the abscess had become larger and very painful. Plaintiff told the jailer about it and she told him she would tell the jail nurse, Terri Holland. That evening the jailer remarked that plaintiff's face looked bad and left a note for Holland. On September 25, 2007 Holland looked at plaintiff's face and told him she would make an appointment for him with physician's assistant Randy Bingham. Plaintiff was transported to a clinic on September 26, 2007 and seen by Bingham. By this time plaintiff was in a great deal of pain. Bingham examined plaintiff's face and inside his mouth and said it looked bad. When Bingham pressed on the abscess, plaintiff passed out from the pain. Bingham told plaintiff that he would prescribe antibiotics but that it might be a couple of days before they were actually administered. Plaintiff asked Bingham for pain medication but Bingham said to ask Holland, the jail nurse. When plaintiff returned to the jail he discovered that Holland had left, resulting in plaintiff going without antibiotics or pain medication that evening. During the night the abscess erupted inside his mouth and the swollen area on his face doubled in size.

The next morning, September 27, 2007, plaintiff asked Holland for pain medication and she screamed at him that he already took more medication than anyone else in the jail. Plaintiff could barely talk because of the painful sore in his mouth and he

2

asked to be taken to the hospital emergency room.  That afternoon plaintiff was transported to the emergency room at North Bay Hospital in Aransas Pass and was admitted to the hospital and started on intravenous antibiotics.  On October 1, 2007 plaintiff underwent surgical incision and drainage of the abscess with debridement of the wounds and fragmented skin.  A culture of the material removed from the abscess indicated that plaintiff was infected with methicillin resistant staph aureus and he was treated with Vancomycin.

Plaintiff was returned to the jail on October 2, 2007 and placed in quarantine for approximately one month.  Plaintiff saw defendant Bingham on October 4, 2007 and he ordered injections of antibiotics and oral antibiotics for plaintiff to be started that day. Plaintiff learned that nurse Holland was terminated from her employment during the same time period.  A jailer with no medical experience administered plaintiff's injections and bruised plaintiff's hips while doing so.  Although the surgeon had told plaintiff that the gauze with which he packed the wound should remain in place for one week, Bingham removed it right away and plaintiff believes that the removal contributed to the scarring he now has on his face.

Plaintiff alleges that Bingham, Holland and Aransas County were deliberately indifferent to his serious medical needs.  In the motion under consideration herein, Bingham argues that plaintiff has failed to state a claim because the facts he alleged show at most that Bingham was negligent, but do not rise to the level of deliberate indifference.

## DISCUSSION

**A.  Motion to Dismiss**

Defendant Bingham seeks dismissal of plaintiff's causes of action for failure to state a claim upon which relief can be granted under Fed.R.Civ.Pro. 12(b)(6).  A motion to dismiss under rule 12(b)(6) tests the formal sufficiency of the statement of a claim for relief.  It is not a procedure for resolving disputes about the facts or merits of a case.  In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 261 (5th Cir. 1999).  The court may not look beyond the four corners of the plaintiff's pleadings.  Indest, 164 F.3d at 261.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the assumption are true (even if doubtful in fact) . . . .

Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(internal citations and quotations omitted).  In other words, the claim to relief must be plausible, rather than just conceivable.  Id., 127 S.Ct. at 1974.

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  Moreover, the court is not required to conjure up

4

unpled allegations or construe elaborately arcane scripts to save a complaint.  In addition, conclusory allegations masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)(citations omitted).

## B.  Deliberate Indifference

Prison officials are liable for failure to provide medical treatment if they are deliberately indifferent to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).  Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment.  Id. 429 U.S. at 104-05, 97 S.Ct. at 291.  A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer v. Brennan, 511 U.S. 842, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

Deliberate indifference is an extremely high standard to meet.  A plaintiff must show that the official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for his serious medical needs.  Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(citations omitted).  Although inadequate medical treatment may, at some point, rise to the level of a constitutional violation, malpractice or negligent

care does not. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999)(citations omitted). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)(citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S.Ct. at 292.

In this case, plaintiff makes the following specific allegations against Bingham: (1) Bingham told plaintiff that he was going to prescribe two antibiotics but that it might take a couple of days for them to get started; (2) Plaintiff asked Bingham for pain medication, but Bingham told him to ask the nurse, and by the time he returned to the jail, the nurse had left for the day, resulting in plaintiff being in pain all that night and the next day; (3) When Bingham examined him he pressed on the abscess, which caused plaintiff intense pain and resulted in the abscess breaking out inside his mouth later that evening.

Regarding plaintiff's complaints about not getting the antibiotics and pain medication immediately, a "'delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm.'" Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006)(citing Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993)). Under the facts alleged by plaintiff, it is plausible that he could make out a cause of action. Bingham knew that plaintiff was suffering intense pain and acknowledged that the facial abscess was serious, but did not make any effort to ensure that plaintiff would receive antibiotics or pain medication that evening. As a

6

result, plaintiff suffered continued pain and the delay in administering antibiotics arguably allowed the infection to become worse.  When plaintiff saw Bingham after surgery, he ordered antibiotics for plaintiff and specified that he wanted them started immediately, indicating that he had the authority to do so.  Under these facts, dismissal of this cause of action against Bingham is not appropriate.  See Easter, 467 F.3d at 464-465 (delay of four hours in giving Nitroglycerin to inmate with history of heart disease and who was complaining of severe chest pain stated an Eighth Amendment violation).

Regarding plaintiff's other allegation, he has not stated a cause of action based on the fact that Bingham pressed on the abscess as part of his examination.  The abscess was undoubtedly painful and tender to the touch, but the fact that Bingham examined it, even it if caused a later eruption, does not show that he was deliberately indifferent to plaintiff's medical needs.  Even if it were contrary to standard medical procedure to palpate an abscess, at most Bingham would have been negligent, rather than deliberately indifferent.  Accordingly, any claim by plaintiff based on these facts fails as a matter of law.

## CONCLUSION

Defendant's motion to dismiss for failure to state a claim (D.E. 24) is granted in part and denied in part.  Plaintiff's 42 U.S.C. § 1983 cause of action based on the fact that defendant Bingham palpated his abscess is dismissed with prejudice.  Plaintiff is allowed to proceed on his cause of action based on defendant Bingham's failure to provide him

with pain medication or antibiotics during his first visit to the clinic on September 26, 2007.

Ordered this 13th day of February, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE